**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guillermo SOTO, Defendant–Appellant.**

No. 91–5226.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 1, 1991.

Decided Jan. 10, 1992.

Joe B. Brown, U.S. Atty., H.H. Hester, Asst. U.S. Atty. (argued and briefed), Nashville, Tenn., for plaintiff-appellee.

Robert L. Smith (argued and briefed), Smith & Hirsch, Nashville, Tenn., for defendant-appellant.

Before MERRITT, Chief Judge, NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*

PER CURIAM.

Defendant Soto was convicted of knowingly and intentionally conspiring to possess a controlled substance and possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. We reverse his conviction because the government introduced over his objection a post-arrest statement elicited from him while in police custody in violation of his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 474, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966).

Soto was stopped for a traffic violation at the Nashville, Tennessee airport. He consented to a search of the car prompted by police concerns regarding the car's registration, his driver's license, and inconsistencies in his explanation of his presence at the airport. Officer Frensley found in the trunk a brown plastic garbage bag containing a controlled substance. Frensley requested Lieutenant Woods to determine the nature of the controlled substance. During the search Soto was positioned in front of the car, facing away from the trunk and therefore was not privy to Frensley's discovery. Soto was placed under arrest for possession of a controlled substance. At this point neither Soto nor Frensley had been informed that the controlled substance was cocaine.

Police read Soto his *Miranda* rights and took him to the airport police station for booking. There police again read Soto his *Miranda* rights. At this time Soto invoked his right to the presence of counsel during interrogation. Formal questioning stopped.

In Soto's presence Sergeant Murphy inventoried Soto's belongings. Murphy and Soto conversed about defendant's possessions, which included a photograph of defendant's wife and child. Upon seeing the photograph, Sergeant Murphy exclaimed, "What are you doing with crap like that when you have these two waiting for you at home?" Murphy gestured toward the brown plastic bag, the contents of which were not visible and had not been identified to Soto previously. Soto responded, "That's not my coke." This was the first reference to the contents of the bag as cocaine and to Soto as the person to whom the bag belonged.

Defendant sought to exclude the statement, "That's not my coke," through a motion in limine made orally before trial. The court conducted an evidentiary hearing and overruled the motion without comment. The government introduced the statement at trial.

■ Questions of *Miranda* violations and harmless error are reviewed *de novo*. *Arizona v. Fulminante*, — U.S. —, 111 S.Ct. 1246, 1257, 113 L.Ed.2d 302 (1991).

■ Pursuant to *Miranda*, police must cease interrogation once a defendant in custody has invoked his right to the assistance of counsel until counsel is present. "Interrogation" includes express questioning and its functional equivalent. The Supreme Court in *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980) defined interrogation as "not only ... express questioning, but also ... any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from the suspect."

The Court noted in *Miranda* that police manuals of that era recommended obtaining admissions by taking as a given that defendant committed the criminal act and commenting to the defendant on why he

* The Honorable John C. Godbold, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

committed the act. 384 U.S. at 450, 86 S.Ct. at 1615. The Court concluded that such a practice was interrogation for purposes of a defendant's Fifth Amendment interests.

Absence of intent to interrogate, while not irrelevant, is not determinative of whether police conduct constitutes interrogation. The Court in *Innis* instead emphasized as significant in determining whether the police conduct constituted interrogation a defendant's perception of the police conduct and, as measured from the police perspective, the reasonable likelihood that such conduct would elicit an inculpatory response. 446 U.S. at 301 & n. 7, 100 S.Ct. at 1690 & n. 7; *see also U.S. v. Avery*, 717 F.2d 1020, 1024-25 (6th Cir.1983) (scrutinizing particular factual setting to conclude no interrogation), *cert. denied*, 466 U.S. 905, 104 S.Ct. 1683, 80 L.Ed.2d 157 (1984).

The government contends that Sergeant Murphy's exclamation regarding what Soto was doing with "crap like that" when he had a family waiting for him at home was a spontaneous comment rather than an intentional interrogation. Neither absence of intent to interrogate nor exclamation of surprise is determinative of whether interrogation was conducted. *Harryman v. Estelle*, 616 F.2d 870, 874, 875 (5th Cir.1980) ("under *Miranda*, courts ... have no ... mandate to consider whether or not a police question was asked in an attempt to elicit evidence of a crime"), *cert. denied*, 449 U.S. 860, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980). While Murphy's remark was not couched in formal question and answer form, in substance it was a direct inquiry into Soto's reasons for committing the offense he appeared to have committed, and it elicited an inculpatory response.

Soto did not waive his *Miranda* rights by initiating conversation with Murphy during inventory. The Court in *Miranda* observed, "[i]f the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda*, 384 U.S. at 475, 86 S.Ct. at 1628. Soto initiated the conversation with Murphy by requesting that his belongings not be mixed up with those of Blendel Samuels, the passenger in the car, but his remark regarding how inventory should be conducted did not constitute a knowing, voluntary, and intelligent waiver of *Miranda*.

Unquestionably, the error was not harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *accord Rose v. Engle*, 722 F.2d 1277, 1281 (6th Cir.1983), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1353, 84 L.Ed.2d 376 (1985). The critical issue at trial was whether Soto had knowledge of the cocaine in the trunk. When his statement was sought and elicited, there had been no prior mention that the contents of the bag was cocaine. Soto's reference to it as "not my coke" supplied the missing evidence of knowledge, and the government used the statement for that purpose.

Circumstantial evidence of Soto's knowledge of the cocaine's existence was not overwhelming. *U.S. v. Murphy*, 763 F.2d 202, 209-10 (6th Cir.1985) (finding error harmless because circumstantial evidence of guilt was overwhelming), *cert. denied sub nom*, 474 U.S. 1063, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986).

Soto's complaint that the district court erred in failing to suppress the cocaine discovered through a warrantless search of his car lacks merit. There was both probable cause and consent for the search.

REVERSED.